IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| GRIGORII BASKAKOV,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WARDEN-FOLKSTON ICE PROCESSING CENTER,<br><br>　　　　Respondent. | CIVIL ACTION NO.: 5:23-cv-86 |

## REPORT AND RECOMMENDATION

Petitioner Grigorii Baskakov ("Baskakov") filed a Complaint with the Northern District of Georgia, which transferred his cause of action to this Court. The Clerk of Court notified Baskakov he either needed to move for pauper status or pay the requisite filing fee. Doc. 6. When that notice was returned to the Court, I issued a show cause order, directing Baskakov to notify the Court of any change in his address. Doc. 9. That mailing was also returned as undeliverable. Doc. 12. As explained in further detail below, I **RECOMMEND** the Court **DISMISS without prejudice** Baskakov's 28 U.S.C. § 1361 Petition for Writ of Mandamus for failure to follow the Court's directives and Local Rules, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Baskakov leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report

**BACKGROUND**

As noted, Baskakov submitted a Complaint to the District Court for the Northern District of Georgia, and that court transferred Baskakov's cause of action to this Court.  Docs. 1, 3.  The Clerk of Court notified Baskakov of the transfer and advised Baskakov he was to either pay the requisite filing fee or move to proceed *in forma pauperis* within 21 days of the September 15, 2023 Notice.  Docs. 5, 6.  This Court's mailings were returned as undeliverable, with the notations: "Return to Sender, No Longer Here" and "Return to Sender, Vacant, Unable to Forward."  Doc. 8 at 13.  Because the Court's mailing was returned as undeliverable, I ordered Baskakov to show cause why his case should not be dismissed by informing the Court, in writing, of any change in address.  Doc. 9.  I also cautioned Baskakov his failure to respond to the Order within 14 days would result in the dismissal of his cause of action for failure to follow this Court directives and Local Rules and failure to prosecute.  Id. (citing Local R. 11.1 ("Each . . . pro se litigant has a continuing obligation to apprise the Court of any address change.")).  This mailing was returned as undeliverable, with the notations: "Return to Sender, No Longer Here" and "Return to Sender, Vacant, Unable to Forward."  Doc. 12 at 1.  In addition, the Clerk of Court issued a deficiency notice, and this mailing, too, was returned, with the notations: "Return to Sender, No Longer Here" and "Return to Sender, Vacant, Unable to Forward."  Doc. 10; Doc. 11 at 1.

---

recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Baskakov his suit is due to be dismissed.  As indicated below, Baskakov will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**DISCUSSION**

The Court must now determine how to address Baskakov's failure to comply with this Court's directives and Local Rules.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Baskakov's Petition.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Baskakov leave to appeal *in forma pauperis*.

I.      **Dismissal for Failure to Follow This Court's Directives and Local Rules**

A district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and

---

[2]     In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  However, in this case, Baskakov was notified of the consequences of failing to respond to this Court's directives and Local Rules.  Docs. 6, 9, 10; Local R. 11.1.

ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

Baskakov failed to follow this Court's directives or Local Rules, despite having ample opportunity to do so and being notified of the consequences of his failure to do so. Thus, the Court should **DISMISS without prejudice** Baskakov's Petition. Doc. 1.

### II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Baskakov leave to appeal *in forma pauperis*. Though Baskakov has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Baskakov's failure to follow this Court's directives and Local Rules, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Baskakov *in forma pauperis* status on appeal.

### CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS without prejudice** Baskakov's Petition for failure to follow the Court's directives and Local Rules, **DIRECT** the

5

Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Baskakov leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 16th day of October, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA